UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JOHN S. LEIGH,                        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   Case No.  1:14-cv-1223-LSC-JHE
                                      )
JOHN DOE #1, et al.,                  )
                                      )
    Defendants.                       )

## MEMORANDUM OPINION

The magistrate judge filed a report on October 15, 2015, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).  (Doc. 19).  The magistrate judge advised the plaintiff of his right to file specific written objections within fourteen (14) days (*id.* at 7), and granted the plaintiff two extensions of time in order to do so (docs. 21 & 23).  The plaintiff's objections were due on or before December 9, 2015.  (Doc. 23).

On December 16, 2015,[1] the plaintiff filed untimely "Objections to Magistrate Judge's Report and Recommendation."  (Doc. 24).  Moreover, while the title of pleading refers to objections, the plaintiff is actually

> request[s] that this Honorable Court allow him to withdraw this legal action, at this time.  It ha[s] become oblivious (sic) to this plaintiff that he do[esn]'t have any legal ground in this matter.  This plaintiff is in the process of exploring his legal options, and wish[es] not to waste this Honorable Court['s] time.

---

[1] Because prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, their pleadings are deemed to be filed at the time the prisoner delivers the pleading to prison officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Although the record contains no information regarding the date plaintiff gave his objections to prison officials to mail, he signed the pleading on December 16, 2015, and therefore, it is deemed filed on that date. (The objections were not received by this court until December 21, 2015.)

1

(*Id*. at 7).

The pleading does not object to the report and recommendation and is a motion to voluntarily dismiss the case. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" This rule, however, is "subject to . . . any applicable federal statute." (*Id.*).

As a prisoner, the plaintiff is subject to the Prison Litigation Reform Act, a statute enacted by Congress to "discourage prisoners from filings claims that are unlike to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).  One provision of that Act amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g), which is known informally as the three strikes rule.  That rule provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In this case, the plaintiff's motion was filed *aft*er his complaint was screened pursuant to 28 U.S.C. § 1915A and it was recommended the action be dismissed for failure to state a claim upon which relief can be granted.  Considerable time and resources already have been spent upon the plaintiff's case – a case he admits he has no legal ground upon which to stand.

> "[A]llowing a prisoner to voluntarily dismiss a complaint ... after screening has been completed [would] allow prisoners to frustrate Congress's intent behind enacting the PLRA." *Hines v. Graham,* 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); *Apel v. McCool,* 2007 WL 4592245, at *1 (N.D. Fla. Dec. 28,

2007); *Young v. Leonard,* 2006 WL 3447662, at *1 (S.D. Tex. Nov.21, 2006); *Sumner v. Tucker,* 9 F. Supp. 2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal.")

*Stone v. Smith*, No. CV608-088, 2009 WL 368620, at *1 (S.D. Ga. Feb. 13, 2009).

The plaintiff will not be allowed to avoid a "strike" by voluntarily dismissing his case at this juncture. Accordingly, the motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is due to be **DENIED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's "objections," the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** AND **ORDERED** ON JANUARY 13, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704